### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>AZURE DEVELOPMENT, INC.<br><br>Debtor.<br>_____<br><br>AZURE DEVELOPMENT, INC.<br>Plaintiff<br><br>v.<br><br>TRIANGLE CAYMAN ASSET COMPANY<br>Defendant | Case No. 23-00462 (ESL)<br><br>Chapter 11<br><br><br><br>Adversary Proceeding No. 23-00026<br><br>Re: Extension of Automatic Stay |

### OMNIBUS: (A) OPPOSITION TO MOTION TO RECONSIDER AND (B) MOTION TO STRIKE

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLÁN
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** Triangle Cayman Asset Company ("Triangle"), by its undersigned counsel, and respectfully submits this *Opposition* (the "Opposition") *to Debtor's Motion to Reconsider* (the "Motion to Reconsider") (Docket No. 16) in connection with this Honorable Court's order and judgment entered on June 7, 2023 (the "Order" and "Judgment") (Docket Nos. 10-11) dismissing the Complaint (the "Complaint") filed by Azure Development, Inc. (the "Debtor") in the above-captioned adversary proceeding to extend the automatic stay to Fideicomiso Valdés Acevedo (the "Trust"), Cost Control Company, Inc. ("Cost Control"), and Alfonso Valdés García ("Mr. Valdés") Debtor's and Cost Control's president and chief executive officer (together, the "Non-Debtor Third Parties"). In support of this Opposition, Triangle respectfully states and prays as follows:

1

**PRELIMINARY STATEMENT**

The Motion to Reconsider must be denied, as it patently fails to satisfy the standard and binding case law applicable to reconsiderations. First, the Order and Judgment granted Triangle's Motion to Dismiss (defined below), after considering such motion and that the Debtor failed to timely file a response. The Motion to Reconsider does not even address the Debtor's failure to timely respond to the Motion to Dismiss nor why it was a manifest error of law for the Court to grant the Motion to Dismiss, considering that it was not opposed by the Debtor. The Debtor is unable to show that the Order and Judgment constitute a manifest error of law, since courts routinely grant motions to dismiss, such as this one, after considering them and when the plaintiff fails to timely respond. In fact, as detailed below, the case law specifically authorizes courts to so rule, unless granting the unopposed motion to dismiss would "clearly offend equity". The Debtor has not alleged, as it cannot, that the Order and Judgment 'clearly offend equity', as the Order and Judgment were correctly entered by the Court.

Second, it is black letter law that a litigant may not use a motion to reconsider to assert, for the first time, arguments that it could have and should have raised prior to the entry of the order and judgment. Here, the Debtor could, and should have, raised its arguments in a timely response to the Motion to Dismiss. The Debtor failed to do so and may not use a reconsideration to raise such arguments for the first time now.

Finally, the Motion for Reconsideration fails also, as it simply does not assert any newly discovered facts or manifest error of law in the Court's entry of the Order and Judgment. The Motion for Reconsideration simply rehashes and summarizes the allegations included in the Complaint, which this Court already considered and denied through the Order and Judgment. For these reasons, and those set forth below, the Motion to Reconsider should be denied.

**BRIEF RELEVANT PROCEDURAL BACKGROUND**

1. On April 17, 2023, Debtor filed the complaint (the "Complaint") that commenced the above-captioned case (the "Adversary Proceeding"), requesting that the automatic stay be extended to the Non-Debtor Third Parties. See, Docket No. 1 of the Adversary Proceeding.

2. On May 15, 2023, Triangle filed a motion to dismiss (the "Motion to Dismiss"), with prejudice, the Complaint. See, Docket No. 7. Triangle incorporates, as if set forth in full herein, all allegations within the Motion to Dismiss.

3. Having elapsed the period for replies or objections thereof without Debtor having filed an opposition to the Motion to Dismiss, or even requesting an extension of time to reply, this Court entered an Order on June 7, 2023, dismissing this case. See, Docket No. 10. On that same date, the Court entered Judgment dismissing, with prejudice, the Complaint. See, Docket No. 11.

4. On June 13, 2023, Debtor filed the Motion to Reconsider requesting that the Order and Judgment be reconsidered and set aside. See, Docket No. 16.

**LEGAL ANALYSIS AND DISCUSSION**

**A. Standard for Relief for Request of Reconsideration**

5. As a general matter, "it is very difficult to prevail on a Rule 59(e) motion." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994); see also, In re Fin. Oversight & Mgmt. Bd. for P.R., 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (recognizing that a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment". (quoting Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794

3

F.3d 200, 208 (1st Cir. 2015))), *reconsideration denied*, 612 B.R. 821 (D.P.R. 2019). To succeed, "[t]he movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case." Guzmán v. Rentas (In re Nieves Guzmán), 567 B.R. 854, 863 (1st Cir. B.A.P. 2017) (citing Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez), 471 B.R. 752, 760 (1st Cir. B.A.P. 2012)); see also, Albarran v. Rivera (In re Rivera), 627 B.R. 765, 775 (1st Cir. 2021) ("A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.")

6. Reconsideration of a judgment is an extraordinary remedy, and "Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided." Encanto Rests., Inc. v.Vidal (In re Cousins Int'l Food Corp.), 553 B.R. 197, 201 (Bankr. D.P.R. 2016), *aff'd in part,* appeal dismissed in part *sub nom.* Cousins Int'l Food, Corp. v. Vidal, 565 B.R. 450 (B.A.P. 1st Cir. 2017); see also, In re FOMB, 427 F. Supp. 3d at 263 (holding that a motion for reconsideration "is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources").

7. In essence, a motion for reconsideration must set forth the following: "(1) genuine reasons why the court should revisit the prior order; and (2) compelling facts or law in support of reversing the prior decision." In re Quesada, No. 13-02057 BKT, 2013 WL 5945801, at 1 (Bankr. D.P.R. 2013).

8. The First Circuit has generally established four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e); these are: (1) manifest errors of law or fact, (2) newly discovered or previously unavailable evidence, (3) manifest injustice, and (4) an intervening change in controlling law. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 (1st Cir. 2005). It

4

is not enough to just plead cause under any of the four grounds, a party asserting relief under Fed. R. Civ. P. 59(e) "must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Monarch International, Inc., 2018 Bankr. LEXIS 1712, *2 (Bankr. D.P.R. 2018).

### B. The Motion for Reconsideration Must be Denied.

9. The Motion for Reconsideration patently fails to satisfy the standard for the extraordinary relief sought. Through the Order and Judgment, the Court granted the Motion to Dismiss, after considering it and in light of the Debtor's failure to timely respond to the same. The Motion for Reconsideration **does not even address why the Debtor failed to timely respond to the Motion to Dismiss, nor why or how the Court erred in granting the Motion to Dismiss, when the Debtor failed to respond to it**. The Motion for Reconsideration is silent on this critical point, since courts can certainly grant relief, as requested through the Motion to Dismiss, when the debtor fails to respond to the same. Specifically, courts have held that the plaintiffs' failure to timely respond to a motion to dismiss "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.' Lopez-Ortiz v. Pesquera-Lopez, 2014 WL 1415111 (D.P.R. Apr. 11, 2014) "Rodríguez–Salgado v. Somoza–Colombani, 937 F.Supp.2d 206, 211 (D.P.R.2013) (citing NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002)); Rivera–Quiñones v. U.S. Sec. Associates, No. 12–1598, 2013 WL 5636898, *4 (D.P.R. Oct.16, 2013). Here, the Debtor has not even alleged that the Order and Judgment "clearly offend equity"; as they do not, and they were properly entered after the Court considered both the Motion to Dismiss and the Debtor's failure to timely oppose the same. For this reason, the Motion for Reconsideration should be denied.

10. Second, and critically, the Motion for Reconsideration must be denied, pursuant to the basic principles applicable to a request to reconsider. As the Court of Appeals for the First Circuit has consistently held, a party should not use a motion for reconsideration "to raise arguments which could, and should, have been made before judgment issued." <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994). Here, the Debtor seeks to do exactly what the Court of Appeals for the First Circuit prohibits litigants from doing in a reconsideration – **to raise arguments, for the first time, that the Debtor "could, and should have made before judgment was issued"**. The Debtor could, and should have, filed a timely response to the Motion to Dismiss before the Order and Judgment was issued. The Debtor failed to do so, and has failed to even address such omission or the reasons why it failed to timely respond in the Motion to Reconsider. For these reasons, the Motion for Reconsideration should be denied.

11. Third, the Motion for Reconsideration must be denied, as there is no (and the Debtor does not even allege any) newly discovered evidence nor any manifest legal error that undermines the Court's determination in its Order and Judgment. Instead, the Motion for Reconsideration was filed after the Court's issuance of the dismissal Order and Judgment, as an impermissible *de facto* opposition to the Motion to Dismiss. The Motion for Reconsideration is merely a rehash of the same allegations already included in the Complaint, and dismissed and as detailed below, should be denied.

12. Here, the Motion for Reconsideration does not set forth any manifest errors of law or fact, nor newly discovered evidence and merely re-alleges and summarizes the same allegations in the Complaint that the Court already considered and dismissed, concluding, erroneously, that "the above stated facts warranted the denial of Triangle's motion to dismiss since they establish Azure's need for the Court to grant the request of the Complaint inasmuch as the continuance of

6

Case No. NSCI2015-00410 against Mr. Valdés, Cost Control and the Trust interferes with Azure's rehabilitation effort. 3 Collier on Bankruptcy ¶ 362.04 (Richard Levin & Henry J. Sommer eds., 16th ed.)" Docket No. 16, ¶ 36.

13. A manifest error of law is "'[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law,'" and case facts. Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary p. 593 (7th ed. 1999)). The court should only renew and reconsider whether it "patently misunderstood a party…or has made an error not of reasoning by apprehension." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008). See also, Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94-95 (1st Cir. 2012).

14. In the Motion to Reconsider, Debtor re-alleges and rehashes the same allegations it already included in the Complaint, and that the Court considered and dismissed through the Order and Judgment. Debtor has failed to assert any newly discovered evidence or any manifest error of law. In sum, the Debtor has failed to set forth any viable basis, consistent with the standard and case law applicable to requests for reconsideration, that merits the reconsideration of its prior Order and Judgment.

15. Therefore, because the Motion to Reconsider is devoid of any of the elements required for the granting of the extraordinary remedy of Fed. R. Civ. P. 59(e), made applicable to bankruptcy cases by virtue of Fed. R. Bankr. Pr. 9023, the same must be summarily denied.

**WHEREFORE**, Triangle hereby respectfully requests that the Court enter an order denying the Motion to Reconsider.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on July 3, 2023.

**WE HEREBY CERTIFY** that on this same date, we filed this document using the CM/ECF filing system, which will send a copy to all counsel of record.

M|P|M **MARINI PIETRANTONI MUÑIZ LLC**
*Attorneys for Triangle Cayman Asset Company*
250 Ponce de Leon Ave. Suite 900
San Juan, PR, 00918
Tel.: (787) 406-8555

*S/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
E-mail: lmarini@mpmlawpr.com

*S/ Ignacio J. Labarca-Morales*
Ignacio J. Labarca-Morales
USDC No. 303307
E-mail: ilabarca@mpmlawpr.com

*S/ Paula T. De Felice Alejandro*
Paula T. De Felice Alejandro
USDC No. 307607
E-mail: pdefelice@mpmlawpr.com
